IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IRIS LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-4577-L-BN |
| | § | |
| TEXAS INSTRUMENTS INC. | § | |
| EMPLOYEE HEALTH BENEFITS | § | |
| PLAN, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation, Mutual Legal Reserve Company ("BCBSTX"), moved for a protective order on October 2, 2013. *See* Dkt. No. 49. On October 4, 2013, Judge Lindsay entered the proposed Protective Order submitted by BCBSTX. *See* Dkt. No. 51. Then, on October 20, 2013, after the Protective Order was entered, Plaintiff Iris Lewis ("Lewis") filed an opposition to the proposed Protective Order. *See* Dkt. No. 58. In her Opposition, Lewis states that she is opposed to two provisions in the Protective Order: (1) the parties' ability to retroactively designate previously produced documents as Classified Information and (2) the parties' ability to use the documents in future appeals and litigation. *See* Dkt. No. 58 at 2.

BCBSTX responds that it agreed to not retroactively designate any previously produced documents as Classified Information. *See* Dkt. No. 62 at 3. Based on this agreement, the undersigned will not modify Paragraph 7 of the Protective Order as its

contents are moot.

But BCBSTX did not agree that the documents produced in this case could be used for any future appeals or litigation. *See id.* at 2-3. Thus, the undersigned must determine whether the Protective Order does in fact prohibit such actions, and, if it does, whether the Protective Order should be modified to permit the use of the documents obtained in this case in future appeals and litigation.

Plaintiff is correct that, at first glance, the Protective Order limits the use of the information obtained in this case to only this case and bars its use in future litigation and appeals. *See* Dkt. No. 51 at 1 ("All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof."). The Protective Order also has a provision, however, by which the information might be used in future cases, if certain requirements are met. In Paragraph 8, the Protective Order that states "[n]othing herein shall prevent disclosure beyond the terms of this order if each party designating the information as 'Confidential' or 'For Counsel Only' (or 'Attorneys' Eyes Only') consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures." *Id.* at 5. This provision contemplates the possibility of parties' using the confidential materials in related actions and provides a process by which a party can attempt to expand the limits of the Protective Order's restrictions on covered information to provide for disclosure for use in another context – including in another proceeding, subject to the control of the presiding judge and governing rules in the

other matter. *See U.S. Philips Corp. v. Iwasaki Elec. Co.*, 142 F. App'x 516, 518 (2d Cir. 2005). As such, the undersigned is not convinced that Plaintiff's representation of the terms of the Protective Order is correct, and, moreover, the undersigned does not find that it should be modified to freely permit the use of Classified Information in future appeals or litigation. The Protective Order protects parties by prohibiting uses of the documents outside of the instant litigation without first seeking permission from the opposing parties, or, if they do not agree, the Court, to do so. Plaintiff has presented this Court with no reason for this provision to be modified.

For the foregoing reasons, the Protective Order remains unchanged, and Plaintiff's Answer in Opposition of the Protective Order [Dkt. No. 58] is OVERRULED.

SO ORDERED.

DATED: November 13, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE