IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IRIS LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-4577-L-BN |
| | § | |
| TEXAS INSTRUMENTS INC. | § | |
| EMPLOYEE HEALTH BENEFITS | § | |
| PLAN, ET AL., | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from District Judge Sam A. Lindsay. *See* Dkt. No. 11. Plaintiff Iris Lewis has filed a Motion [for] Modification of Protective Order in Respect to the Administrative Services Agreement. *See* Dkt. No. 76. Defendants TI Employees Health Benefit Plan[1] and Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company, have filed a Response in Opposition to Plaintiff's Motion to Modify the Protective Order, *see* Dkt. No. 81, and Plaintiff has filed a reply, *see* Dkt. No. 87.

Plaintiff's motion to modify the protective order [Dkt. No. 76] is DENIED without prejudice.

## Background

Defendants filed a Joint Motion for Protective Order in which they agreed to

---

[1] Plaintiff sued Texas Instrument Inc. Employee Health Plan, but the correct name is TI Employees Health Benefit Plan. *See* Dkt. No. 19 at ¶ 4 (TI's Answer).

produce a redacted copy of the Administrative Services Agreement ("ASA") to Plaintiff subject to a protective order. *See* Dkt. No. 49. In the Joint Motion, Defendants stated that they had conferred with Plaintiff and that she did not oppose a protective order but she wanted "to reserve the right to use the document in any future litigation involving BCBSTX and/or TI that pertains to this plan and any federal inquiries." *See id.* at 2, 5.

Judge Lindsay granted the motion and entered the Protective Order two days later. *See* Dkt. No. 51. The Protective Order provides that "[a]ll Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof." *See id.* at ¶ 1. It further provides that "[n]othing herein shall prevent disclosure beyond the terms of this order if each party designating the information as 'Confidential' or 'For Counsel Only' (or 'Attorneys' Eyes Only') consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures...." *See id.* at ¶ 8.

Plaintiff subsequently filed a response opposing the protective order because it prevented use of the Classified Information in future ligation, *see* Dkt. No. 58, and Defendants filed a reply, *see* Dkt. No. 62. The undersigned entered a Memorandum Opinion and Order finding that paragraph 8 of the Protective Order "contemplates the possibility of parties' using the confidential materials in related actions and provides a process by which a party can attempt to expand the limits of the Protective Order's restrictions on covered information to provide for disclosure for use in another context

– including in another proceeding, subject to the control of the presiding judge and governing rules in the other matter." Dkt. No. 67. But the undersigned also found that Plaintiff had presented the Court with no reason for modifying the Protective Order to freely permit the use of Classified Information in future appeals or litigation. *See id.*

Plaintiff has now filed a Motion for Modification of Protective Order in Respects to the Administrative Services Agreement. *See* Dkt. No. 76. Plaintiff alleges that she has filed a complaint for disability discrimination with the Department of Justice (the "DOJ proceeding") and that she seeks to modify the protective order to allow her to use the ASA in the DOJ proceeding. She argues that the ASA supports her claim of discrimination by BCBSTX and TI in denying benefits to children with autism. But Plaintiff has not provided the Court with any evidence concerning the DOJ proceeding. *See id.*

Defendants oppose modification of the protective order and argue that Plaintiff has failed to show why the ASA is relevant to any proceeding before the DOJ or to explain why the DOJ could not obtain the ASA through discovery in the DOJ proceeding. *See* Dkt. No. 81.

**Legal Standards and Analysis**

The Court retains discretion to modify a protective order once it has been entered. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (citation omitted); *In re United States' Motion to Modify Sealing Orders*, NO. 5:03-MC-2, 2004 WL 5584146, at *2 (E.D. Tex. June 8, 2004). Courts have looked to four factors to guide consideration of whether a modification is appropriate, including:

"(1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the reliance on the order; and (4) whether good cause exists for the modification." *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006) (citation omitted); *accord In re Enron Corp. Secs., Derivative & ERISA Litig.*, No. MDL-1466, 2009 WL 3247432, at *3 (S.D. Tex. Sep. 29, 2009); *Bayer AG and Miles, Inc. v. Barr Labs, Inc.* 162 F.R.D. 456, 458 (S.D.N.Y. 1995).

As to the first factor, relevant to the nature of a confidentiality order is "'its scope and whether it was court imposed or stipulated to by the parties.'" *Murata*, 234 F.R.D. at 179 (quoting *Bayer*, 162 F.R.D. at 465) (citation omitted). Courts are generally more hesitant to modify narrowly defined orders that pertain to "a specific type of identified information," as opposed to blanket confidentiality orders. *Id.* Here, the protective order was sought specifically to protect production of the ASA, but the order itself does not mention the ASA, and it includes a broad definition of the Classified Information it was intended to protect. *See* Dkt. Nos. 49, 51. Moreover, even though Defendants agreed to limit use of the ASA to this litigation, Plaintiff never agreed to that limitation, and the protective order was entered over her objection to that limitation.

As to the second factor regarding foreseeability, the relevant inquiry is "'whether the need for modification of the order was foreseeable at the time the parties negotiated the original stipulated protective order.'" *Murata*, 234 F.R.D. at 180 (quoting *Bayer*, 162 F.R.D. at 466). In this case, Plaintiff has consistently asserted the position that she should be able to use the ASA in other litigation and she anticipated

4

other litigation or proceedings. Thus, modification was foreseeable, and this factor weighs at least somewhat in favor of modification.

Third, in evaluating the reliance factor, the court should consider "'the extent to which a party resisting modification relied on the protective order in affording access to discovered materials.'" *Id.* It is "'presumptively unfair ... to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'" *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2nd Cir. 2005) (quoting *S.E.C. v. TheStreet.com*, 273 F.3d 222, 230 (2nd Cir. 2001)). Here, Defendants sought a protective order before producing the ASA and produced the ASA with the assurance that it would not be used in other proceedings unless they consented or the court ordered disclosure of the ASA in the other proceedings. The reliance factor weighs against modification.

Fourth, in evaluating whether good cause for modification exists, "the court must weigh [the] need for modification against [the] need for protection, and ought to factor in the availability of alternatives to better achieve both ... goals." *Murata*, 234 F.R.D. at 180 (citations omitted). Here, Plaintiff asserts that she needs the ASA to establish discrimination in her DOJ proceeding. But she fails to provide the Court with evidence concerning the DOJ proceeding and fails to address whether the ASA is discoverable under the procedures governing the DOJ proceeding. Plaintiff's mere allegations, without more, are not sufficient to establish good cause for modification of the protective order.

The Court finds that, on balance, Plaintiff has failed to make the required

showing that modification of the Protective Order, as requested, is appropriate. But the Court will deny the motion without prejudice to – if the ASA has not already been obtained in the DOJ proceeding – Plaintiff's filing another motion that makes a sufficient showing concerning the DOJ proceeding and whether the ASA is discoverable under the procedures governing the DOJ proceeding.

## Conclusion

Based on a consideration of the applicable standards and the Protective Order's terms, Plaintiff's Motion To Modification of Protective Order in Respects to the Administration Service Agreement [Dkt. No. 76] is DENIED without prejudice.

SO ORDERED.

DATE: June 23, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE