IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IRIS LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-4577-L-BN |
| | § | |
| TEXAS INSTRUMENTS INC. | § | |
| EMPLOYEE HEALTH BENEFITS | § | |
| PLAN, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from District Judge Sam A. Lindsay. *See* Dkt. No. 11. Defendants filed motions to dismiss for failure to state a claim and Plaintiff subsequently sought leave to amend her complaint. *See* Dkt. Nos. 44, 45, & 75. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Plaintiff's Motion to Dismiss Motion for Leave Filed on November 13, 2013 [Dkt. No. 74] should be granted and Plaintiff's Motion for Leave to File an Amended Pleading [Dkt. No. 65] should be denied; Plaintiff's [Amended] Motion for Leave to File an Amended Pleading filed December 27, 2013 [Dkt. No. 75] should be denied; Defendant TI Employees Health Benefit Plan's Motion to Dismiss [Dkt. No. 45] and BCBSTX's Motion to Dismiss First Amended Complaint [Dkt. No. 44] should be granted; Plaintiff's Motion for Summary

Judgment [Dkt. No. 78] and Amended Motion for Summary Judgment [Dkt. No. 82] should be denied as moot; and Plaintiff's case should be dismissed with prejudice.

## Background

Plaintiff Iris Lewis, who is representing herself *pro se*, sued Defendants TI Employees Health Benefit Plan[1] ("TI" or the "Plan") and Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBSTX"), under an Employee Retirement Income Security Act ("ERISA") plan concerning health insurance for her minor son. *See* Dkt. No. 40 (First Amended Complaint). A Tarrant County family court ordered the child's father, who is an employee of Texas Instruments, to maintain health insurance for the child. *See id.* at 31-35. The family court order also named the child as an alternate recipient under the father's health insurance plan and named Plaintiff, the custodial parent, as the alternate recipient's representative. *See id.* at 35.

BCBSTX filed a motion to dismiss for failure to state a claim, and TI filed an answer *See* Dkt. Nos. 19, 21.  Plaintiff filed a response to the motion to dismiss, *see* Dkt. No. 29, and BCBSTX filed a reply to the motion to dismiss, *see* Dkt. No. 34.

Plaintiff filed a motion for leave to amend her complaint on March 5, 2014 – one day after the deadline  for filing amended pleadings set by the Court's scheduling order. *See* Dkt. Nos. 30 & 32. Defendants did not oppose the motion for leave to amend the  complaint, and, on August 1, 2013, Judge Lindsay granted the motion for leave to

---

[1] Plaintiff sued Texas Instrument Inc. Employee Health Plan, but the correct name is TI Employees Health Benefit Plan. *See* Dkt. No. 19 at ¶ 4 (TI's Answer).

amend the complaint and denied the motion to dismiss as moot. *See* Dkt. No. 35.

Plaintiff filed her First Amended Complaint on August 21, 2013. *See* Dkt. No. 40. She asserts causes of action for enforcement of an alleged Qualifying Domestic Relations Order naming Plaintiff as an alternate representative for her minor child, for enforcement of statutory penalties for an alleged failure to provide Plaintiff with plan-related documents as required by ERISA, and for alleged wrongful denial of benefits under the Plan. *See id.* Plaintiff alleges that Defendants have failed to recognize her as an alternate representative with the ability to request information and file claims and appeals, to provide requested documents, and to explain the calculation of out-of-network expenses and determination of covered benefits and suitable treatments. *See id.*

Both Defendants filed motions to dismiss for failure to state a claim. *See* Dkt. Nos. 44, 45. Plaintiff filed responses to both motions, *see* Dkt. Nos. 59 & 60, and Defendants filed replies, *see* Dkt. Nos. 63 & 64.

Plaintiff then filed a motion for leave to file a second amended complaint on November 7, 2013. *See* Dkt. No. 65. Defendants filed a response opposing the requested second amended complaint, *see* Dkt. No. 68, and Plaintiff filed a reply, *see* Dkt. No. 69. Plaintiff then filed a motion to dismiss the motion for leave to file an amended complaint on December 27, 2013. *See* Dkt. No. 74.

Plaintiff filed an amended motion for leave to file a second amended complaint on December 27, 2013. *See* Dkt. No. 75. Defendants filed another response opposing the requested second amended complaint, *see* Dkt. No. 80, and Plaintiff filed a reply, *see*

Dkt. No. 85. Both Defendants contend that Plaintiff's motion for leave to file a second amended complaint is untimely, that Plaintiff has not alleged sufficient grounds to support her leave to amend, that they will prejudiced by allowing Plaintiff to amend her complaint to add a new cause of action at this stage of the proceedings, and that amendment would be futile. *See* Dkt. No. 80.

TI argues that Plaintiff has failed to state a claim against it for which relief can be granted in her First Amended Complaint because, on the face of her pleading, Plaintiff admits that TI properly acknowledged the medical child support order and that TI allowed Plaintiff to request information and file claims and appeals on her child's behalf. TI also argues that it was not required to provide the requested documents because they were outside the scope of documents that a plan administrator must furnish and that Plaintiff's claim based on the alleged wrongful denial of benefits is barred because Plaintiff failed to exhaust her administrative remedies. *See* Dkt. Nos. 45 & 63.

BCBSTX argues that Plaintiff has failed to state a claim for which relief can be granted in her First Amended Complaint because Plaintiff's allegations are against Defendants, collectively, and fail to provide BCBSTX with sufficient notice of the claims asserted against it. BCBSTX also argues that it is not a proper party to Plaintiff's claims for enforcement of the medical child support order or for statutory penalties for the failure to provide requested documents. And BCBSTX argues that Plaintiff's allegations concerning the alleged denial of benefits are not sufficient to state a claim and are barred because Plaintiff failed to exhaust her administrative

remedies. *See* Dkt. No. 44, 64.

Plaintiff filed an Amended Motion for Summary Judgment on January 16, 2014. *See* Dkt. Nos. 82, 83, and 84. The undersigned deferred setting deadlines to respond to the motion for summary judgment until after the Court rules on the pending motions to dismiss and for leave to amend. *See* Dkt. No. 92.

The undersigned now concludes that Plaintiff's motion for leave to file a second amended complaint should be denied and both motions to dismiss for failure to state a claim should be granted.

## Legal Standards and Analysis

I.   <u>Motion for Leave to File Second Amended Complaint</u>

The undersigned will address the motion for leave to file a second amended complaint first because it has the potential to be determinative of the motions to dismiss for failure to state a claim.

A.   *Legal Standard*

Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g., Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-0870-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and

then by Rule 15(a)(2).").

When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet the good cause standard, the party must show that, despite her diligence, she could not reasonably have met the scheduling order deadline. *See id.* at 535. The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)). If the movant satisfies Rule 16(b)(4)'s requirements, the court must then determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536.

When the party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf*

-6-

*Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety

of factors" when deciding whether to grant leave to amend, "including undue delay, bad

faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994.

But Rule 15(a) provides a "strong presumption in favor of granting leave to

amend,"*Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006),

and the Court must do so "unless there is a substantial reason to deny leave to amend,"

*Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d

314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant

has acted in bad faith or with a dilatory motive, granting the motion would cause

prejudice, or amendment would be futile").

> B.    *The motion for leave to amend complaint should be denied.*

Plaintiff's motion for leave to file a second amended complaint was filed after the

March 4, 2013 deadline established in the scheduling order. *See* Dkt. No. 30 at 4.

Plaintiff was granted leave to file a First Amended Complaint shortly after that

deadline, and her motion for leave to file a second amended complaint was filed on

November 7, 2013, long after the deadline.

Plaintiff argues that she sought leave to file a second amended complaint

because BCBSTX suggested that she do so in its motion to dismiss her First Amended

Complaint. *See* Dkt. No. 75. Plaintiff misconstrues BCBSTX's motion, in which

BCBSTX simply argued, in the alternative, that, if the court did not dismiss Plaintiff's

claims, Plaintiff be required to replead with sufficient factual specificity to state a claim for which relief could be granted. *See* Dkt. No. 44 at 7.

Plaintiff has not explained the delay in seeking leave to amend her complaint for a second time. Although she states that she "has additional information supplied by EBSA," she does not explain what that information is, why it necessitates an amended complaint, or why she could not have obtained this information sooner. Plaintiff's argument that an amendment is necessary because the Administrative Services Agreement was not produced to her until December 5, 2013 is not persuasive because that would have been one month after she sought leave to amend. And the proposed Second Amended Complaint attached to Plaintiff's motion for leave does not contain any new allegations based on the Administrative Services Agreement. *See* Dkt. No. 75-1.

Plaintiff argues that she also seeks leave to amend to add new allegations regarding disputed claims and the denial of benefits as well as to correct references to statutes. In the proposed Second Amended Complaint, Plaintiff adds a claim for breach of fiduciary duty as well as claims for plan benefits and for costs of court. *See id.* Plaintiff does not explain why those claims could not have been raised earlier. All of the deadlines set forth in the Initial Scheduling Order have expired, *see* Dkt. No. 30, and the deadline to file dispositive motions has been extended once, *see* Dkt. No. 48. To again modify the scheduling order at this stage of the proceedings so that Plaintiff can pursue her new claims would be prejudicial to Defendants. The pending motions to dismiss for failure to state a claim would become moot, as did the motion to dismiss

on file when the complaint was amended the first time, and Defendants would be required to expend additional resources to conduct discovery and possibly prepare yet more dispositive motions. *See Phelps v. McClellan,* 30 F.3d 658, 662-63 (6th Cir. 1994) (factors the court considers to determine what constitutes prejudice include whether the assertion of the new claim would require the opponent to expend significant resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981) (holding trial court acted within its discretion in refusing to allow plaintiff to amend her complaint after discovery deadline).

Indeed, Defendants argue that the proposed amendment would be futile because it does not address several of the grounds in the pending motions to dismiss. *See Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004) (district court has discretion to deny motion to amend on grounds of futility where proposed pleading would not survive a motion to dismiss).

There is a well-established pattern in this case of one or both defendants filing a motion to dismiss for failure to state a claim, followed by Plaintiff filing or seeking to file an amended complaint in order to avoid dismissal. This cycle must come to end. The undersigned concludes that Plaintiff has failed to show good cause and recommends that Plaintiff's motion for leave to file a second amended complaint [Dkt. No. 74] be denied.

II.   <u>Motions to Dismiss for Failure to State a Claim</u>

A.   *Legal Standards*

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Although the United States Court of Appeals for "the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

which a court may take judicial notice").

District courts within the Fifth Circuit have divided as to whether a fair-notice standard continues to apply to pleading affirmative defenses or whether *Twombly* and *Iqbal*'s plausibility standard applies, and the "Fifth Circuit has not addressed this issue." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 484 (S.D. Tex. 2012). But, whatever may be the standard for pleading an affirmative defense under Federal Rule of Civil Procedure 8(b) – a question with which the Court is not presently confronted – the *Twombly* and *Iqbal* plausibility standard applies to pleading any "claim for relief" under Rule 8(a)'s requirements – whether as a plaintiff's claim or a defendant's counterclaim. *See* FED. R. CIV. P. 8(a); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1205 (3d ed. 2013) ("Rule 8(a) applies not only to an original claim contained in a complaint, but also to a pleading containing a claim for relief that takes the form of a counterclaim, cross-claim, or third-party claim."); *see generally Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576-77 (5th Cir. 1996) (affirming a Rule 12(b)(6) dismissal of a counterclaim).

### B.   *TI's Motion to Dismiss Plaintiff's First Amended Complaint*

In her first cause of action, Plaintiff contends that the TI Plan failed to properly recognize the medical child support order and denied Plaintiff the ability to request information, file claims, and file appeals on behalf of her son. *See* Dkt. No. 40 at 5. TI asserts that Plaintiff fails to state a cause of action for enforcement of the medical child support order because the facts pleaded in Plaintiff's First Amended Complaint show that the TI Plan fulfilled its obligations with respect to the order and permitted

-12-

Plaintiff to act as her son's representative. *See* Dkt. No. 45 at 3-4. Plaintiff does not address the challenge to this cause of action in her response. *See* Dkt. No. 60.

ERISA sets forth in detail the procedures for a group health plan to follow with respect to medical child support orders. *See* 29 U.S.C. § 1169(a). In her First Amended Complaint, Plaintiff states that the medical child support order was presented to TI, that the administrator of the TI Plan added and acknowledged the medical child support order naming Plaintiff as the child's alternative representative, and that "Defendants have not declared the [medical child support order] as a non-qualified DRO in writing or verbally." *See* Dkt. No. 40 at ¶¶ 6(3), 6(g), 27. Plaintiff also acknowledges that her son is covered by the TI Plan and that she was permitted to file claims and an appeal on his behalf. *See id.* at ¶¶ 10, 13, 18, 19, 20, 41.

Accepting all well-pleaded facts as true and viewing them in the light most favorable to Plaintiff, Plaintiff's own pleading demonstrates that TI has complied with ERISA's requirements to recognize and act on the medical child support order, including allowing Plaintiff to act as an alternate recipient's representative to request information and file claims and appeals.

In her second cause of action, Plaintiff contends that TI failed to provide requested documents and, as a result, is liable for statutory penalties. *See* Dkt. No. 40 at 6-7. Specifically, Plaintiff alleges that TI failed to provide a written explanation of its calculation of out-of-network expenses and a copy of "the contract between TI and BCBSTX" (the "Administrative Services Agreement"). *See id.* at ¶ 9.

Under 29 U.S.C. § 1024(b)(4), the administrator of a plan has an obligation to

produce to a plan participant certain documents upon her request:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

29 U.S.C. § 1024(b)(4). This obligation is enforceable through 29 U.S.C. § 1132(c)(1)(B), which provides that an administrator who fails to comply with a request for such documents within thirty days "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to [$110] a day from the date of such failure or refusal, or the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1)(B); 29 C.F.R. § 2575.502c-3.

The statute requires the disclosure of only the specifically listed documents. *See Grant v. Eaton Disability Long-Term Disability Plan*, Civ. A. No. 3:10CV164TSL-FKB, 2013 WL 485868, at *2-*3 (S.D. Miss. Feb. 6, 2013). The request for documents explaining how out-of-network benefits are calculated falls outside the scope of requested documents that the plan administrator must produce. *See Boldt v. Dow Chem. Co. Voluntary Group Acc. Ins. Plan,* No. 6:06-cv-25, 2007 WL 2329873, at *14 (S.D. Tex. Aug. 15, 2007) ("[S]ection 1024 requires the disclosure of plan documents and summaries on request; nowhere does section 1024 require administrators to furnish documents related to a claim determination."). Likewise, the Administrative Services Agreement does not fall within the documents subject to disclosure under Section 1024 because the agreement governs the relationship between the plan and the claims administrator, not the relationship between the plan participants and the

provider. *See Grant*, 2013 WL 485868, at *3 (collecting cases); *Hively v. BBA Aviation Ben. Plan*, 331 F. A'ppx 510, 511 (9th Cir. 2009); *Morley v. Avaya Inc. Long Term Disability Plan for Salaried Employees*, No. 04-409 (MLC), 2006 WL 2226336, at *18-19 (D. N.J. Aug. 3, 2006).[2] The undersigned notes that the Administrative Services Agreement was produced to Plaintiff pursuant to a protective order during the course of this litigation and that Plaintiff acknowledges that she received it. *See* Dkt. No. 51 (Protective Order); Dkt. No. 73 (Agreed Order); Dkt. No. 75 at 2 (Plaintiff's amended motion to file second amended complaint).

In her third cause of action, Plaintiff challenges TI's handling of her appeal of the denial of benefits. *See* Dkt. No. 40 at 7-9. Plaintiff alleges that she appealed the Plan's denial of benefits for the child's Applied Behavior Analysis ("ABA") therapy and the calculation of out-of-network expenses for the child's behavioral therapy for Obsessive Compulsive Disorder. *See* Dkt. No. 40 at 7-8, 35, 49-58. She asserts that TI's denial of coverage for ABA on appeal was untimely and that TI never responded to the portion of the appeal concerning the calculation of out-of-pocket expenses. *See id.* at 4-5, 7-9.

TI argues that these claims are barred because Plaintiff failed to exhaust her administrative remedies. *See* Dkt. No. 45 at 6-7.

---

[2]*But see Michael v. Am. Intern. Group, Inc.*, No. 4:05CV02400 ERW, 2008 WL 427958, at *6 (E.D. Mo. Sept. 15, 2008), in which the court held that the administrative services agreement should have been produced under the particular circumstances of that case. Plaintiff's pleadings do not demonstrate that circumstances requiring production exist in this case.

The First Amended Complaint generally identifies two claims for benefits that Plaintiff alleges were wrongfully denied or improperly calculated: (1) ABA services provided by Lonestar Solutions during July 1, 2012 and December 31, 2012 and (2) services provided by North Dallas Therapy between August 1, 2011 and December 31, 2012. *See* Dkt. No. 40 at ¶¶ 14, 18, p. 9. The "appeal" letter attached to Plaintiff's First Amended Complaint does not identify these adverse benefit determinations, *see* Dkt. No. 40 at 49-58, and, in her response, Plaintiff argues that her main goal in filing the appeal was "to get a definitive ruling on ABA therapy and correct calculation method for out of network cost," Dkt. No. 60 at 4. Plaintiff also admits that she thought "all legal remedies were exhausted" because neither the plan administrator nor claims administrator answered her written request for information. *See id.*

ERISA regulations require employee benefit plans to establish procedures for "a full and fair review of <u>the claim</u> and <u>the adverse benefit determination</u>." 29 C.F.R. § 2560.503-1(h)(1) (emphasis added). "[C]laimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." *Bourgeois v. Pension Plan for Employees of Sant Fe Intern. Corps.*, 215 F.3d 475, 479 (5th Cir. 2000).

Exhaustion of administrative remedies is an affirmative defense, *see Am. Surgical Assistants, Inc. v. Great West Healthcare of Tex., Inc.*, No. H-09-0646, 2010 WL 565283, at *2 (S.D. Tex. Feb. 17, 2010), and a claim may be dismissed if the facts required to establish an affirmative defense appear clearly on the face of the pleadings, *see Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). In this case, Plaintiff's

First Amended Complaint clearly establishes that she failed to exhaust her administrative remedies because she did not identify the specific claims and adverse benefit determinations she sought to appeal and she misunderstood the appellate process and assumed her legal remedies had been exhausted when she did not receive a response to her "appeal" letter. Furthermore, an administrative appeal was not futile because TI had no obligation to rule on the merits of Plaintiff's "appeal," as evidenced by the attachments to her First Amended Complaint, as there was no valid appeal on which to rule. *See Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016, 1019 (5th Cir. 2009).

C.    *BCBSTX's Motion to Dismiss Plaintiff's First Amended Complaint*

BCBSTX raises five challenges to Plaintiff's First Amended Complaint in its motion to dismiss for failure to state a claim. *See* Dkt. No. 44.

First, BCBSTX argues that it was not provided with clear notice of the claims against it because Plaintiff consistently lumps both Defendants together in her allegations and consistently fails to distinguish the one's alleged conduct from the other's. Plaintiff alleges that BCBSTX is the Claims Administrator of the TI Plan, that BCBSTX maintains a policy of not responding to written requests for information, and that BCBSTX advised Plaintiff during several telephone calls that it was acting in accordance with the contract between TI and BCBSTX, that it was not required to respond to written correspondence, and that all correspondence from Plaintiff to BCBSTX was forwarded to TI. Plaintiff also alleges that she contacted BCBSTX in July, 2012 about the out-of-network payment and was advised by a BCBSTX

representative that the computer determines the allowable expense. *See* Dkt. No. 40. Elsewhere in her First Amended Complaint, Plaintiff alleges that Defendants, collectively, have not declared the medical child support order as a non-qualified DRO in writing or verbally and that Defendants, collectively, failed in their fiduciary responsibility by not supplying information requested within 30 days of receipt of request on May 17, 2012. *See id.*

Lumping both Defendants together and providing no factual basis to distinguish their conduct generally fails to meet Rule 8's requirement that a complaint give each defendant fair notice of the claims against it. *See Atuahene v. City of Hartford*, 10 F. A'ppx 33, 34 (2nd Cir. 2001). But the undersigned finds that Plaintiff's First Amended Complaint sufficiently gives BCBSTX fair notice of Plaintiff's claims against it as opposed to those against TI.

Second, BCBSTX argues that it is not a proper party to Plaintiff's cause of action for enforcement of the medical child support order. BCBSTX argues that, because Plaintiff alleges that BCBSTX is a claims administrator and fails to plead facts showing  how BCBSTX exercises control over the TI Plan's administration, BCBSTX cannot be liable for the Plan's alleged failure to recognize and enforce the medical child support order. Only a party who exercises actual control over the administration of an ERISA plan can be held liable under ERISA. *See LifeCare Mgmt. Servs. LLC v. Ins. Mgmt, Adm'rs Inc.*, 703 F.3d 835, 844-45 (5th Cir. 2013).

In her first cause of action, Plaintiff repeatedly refers to TI and, at one place, to Defendants collectively. Plaintiff fails to plead sufficient facts demonstrating that

BCBSTX exercises actual control over the TI Plan or that BCBSTX was authorized to recognize and enforce the medical child support order. And the undersigned has already concluded that Plaintiff has pleaded herself out of court on her first cause of action because her First Amended Complaint shows that TI complied with ERISA's requirements concerning the medical child support order.

Third, BCBSTX argues that Plaintiff fails to state a claim against it for statutory penalties as the result of the failure to provide requested information because Plaintiff alleges that BCBSTX is the claims administrator. *See* Dkt. No. 40 at 2. Statutory penalties under 29 U.S.C. § 1132(c) may be assessed only against the plan administrator. *See Thorpe v. Retirement Plan of Pillsbury Co.*, 80 F.3d 439, 444 (10th Cir. 1996); *Klosterman v. W. Gen. Mgmt., Inc.*, 32 F.3d 1119, 1122 (7th Cir. 1994); *Crowell v. Shell Oil Co.*, 481 F.Supp.2d 797, 814 (S.D. Tex. 2007). Because Plaintiff's First Amended Complaint does not allege or demonstrate that BCBSTX is the plan administrator, Plaintiff fails to show that BCBSTX is subject to statutory penalties for the alleged failure to provide requested documents.

Fourth, BCBSTX argues that Plaintiff fails to state a claim against it for the wrongful denial of benefits because, as explained above, BCBSTX is not the plan administrator and because Plaintiff failed to provide sufficient information to state a plausible claim on the face of the First Amended Complaint. *See* Dkt. No. 44 at 6-7. The undersigned observes that, in asserting her third cause of action, Plaintiff makes no mention of BCBSTX but instead refers specifically to TI. *See* Dkt. No. 40n at 7-8. Even though Rule 8 requires only a short and plain statement of the claim, Plaintiff

has wholly failed to plead a claim against BCBSTX under her third cause of action.

Finally, BCBSTX argues that Plaintiff's third cause of action should be dismissed because Plaintiff failed to exhaust her administrative remedies. The undersigned addressed this argument above, and the same analysis applies here to the extent that the third cause of action is pleaded against BCBSTX.

D.     *Both motions to dismiss the First Amended Complaint should be granted.*

For all of the reasons explained above, the undersigned concludes that TI's and BCBSTX's motions to dismiss for failure to state a claim should be granted. The undersigned notes that the Court generally should not dismiss a *pro se* complaint for failure to state a claim under Rule 12(b)(6) "without giving the plaintiff an opportunity to amend." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999); *see also Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Nos. 3:96-cv-2923-D & 3:97-cv-353-D, 2004 WL 789870, at *1 (N.D. Tex. Apr.12, 2004) ("Although the court granted [defendant's] motion to dismiss, it gave [plaintiff] one more opportunity to plead his best case, because he was proceeding *pro se*."). However, in this case, because Plaintiff has pleaded herself out of court or because her claims are barred as a matter of law, the undersigned concludes that dismissal should be with with prejudice.

III.    <u>Plaintiff's Motions for Summary Judgment</u>

Because the undersigned recommends that the motions to dismiss should be granted and Plaintiff's case dismissed with prejudice, Plaintiff's Motion for Summary Judgment [Dkt. No. 78] and Amended Motion for Summary Judgment [Dkt. No. 82] should be denied as moot.

## Recommendation

Plaintiff's Motion to Dismiss Motion for Leave Filed on November 13, 2013 [Dkt. No. 74] should be granted, and Plaintiff's Motion for Leave to File an Amended Pleading [Dkt. No. 65] should be denied.

Plaintiff's [Amended] Motion for Leave to File an Amended Pleading filed December 27, 2013 [Dkt. No. 75] should be denied.

Defendant TI Employees Health Benefit Plan's Motion to Dismiss [Dkt. No. 45] should be granted.

BCBSTX's Motion to Dismiss First Amended Complaint [Dkt. No. 44] should be granted.

Plaintiff's Motion for Summary Judgment [Dkt. No. 78] and Amended Motion for Summary Judgment [Dkt. No. 82] should be denied as moot.

Plaintiff's case should be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 23, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE